# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFERY DALE BINGLEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 16-439-JHP-KEW ) |
| TRACY McCOLLUM, Warden, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, a pro se prisoner incarcerated at North Fork Correctional Center in Sayre, Oklahoma, filed this petition for a writ of habeas corpus, challenging his convictions and sentences in LeFlore County District Court Case No. CF-2010-21 for Child Sexual Abuse (Count 1) and Possession of Child Pornography (Count 2). He also filed a motion for temporary administrative closure and/or stay of proceedings upon the initial filing of the petition (Dkt. 3), which the Court construes as a motion for stay and abeyance of the petition. Petitioner is asking for this relief because he claims that after the Oklahoma Court of Criminal Appeals decides his pending post-conviction appeal, he will have only four days remaining on the one-year statute of limitations to file a second habeas petition.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should

defer action on claims properly within its jurisdiction, until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

A district court has two options when faced with a "mixed" petition containing both exhausted and unexhausted claims. One option is to require the petitioner to exhaust all his claims in state court before bringing the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (instructing a district court to dismiss without prejudice and allow the petitioner to refile once the claims are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (if a court is concerned about the prisoner's meeting the one-year filing requirement of 28 U.S.C. § 2244(d), and if "there was good cause for the petitioner's failure to exhaust his claims first in state court," the court can decline to dismiss the matter and issue a stay and abeyance of the petition, while the petitioner exhausts his state court remedies). The second option is to deny the entire petition on the merits, notwithstanding failure to exhaust, if the court is convinced the unexhausted claims are without merit, or that the issues are easily resolvable against the petitioner. *See* 28 U.S.C. § 2254(b)(2).

After careful review, the Court finds a stay and abeyance is not warranted, because Petitioner has not shown good cause for his almost one-year delay in filing an application for post-conviction relief in the state district court. His options for proceeding with this action, therefore, are to (1) dismiss the action without prejudice in its entirety with the understanding that a second habeas petition could be barred by the statute of limitations, (2) dismiss his unexhausted claims and continue with his exhausted claims, or (3) continue this case with all claims, with the knowledge that the Court will dismiss this action for failure to exhaust all state court remedies.

Petitioner is granted fourteen (14) days to advise the Court of the direction he intends to follow by filing **one** of the following: (1) a motion to dismiss this action in its entirety without prejudice, (2) a motion to dismiss his unexhausted claims, or (3) a notice that he intends to continue the petition with both exhausted and unexhausted claims. Failure to

respond as directed by the Court in this Order will result in dismissal of this entire action.

**ACCORDINGLY,** Petitioner's motion to hold this action in abeyance (Docket No. 3) is DENIED, and Petitioner is directed to advise the Court within fourteen (14) days of his intentions for proceeding in this case, by filing an appropriate pleading as directed by the Court.

**IT IS SO ORDERED** this 25th day of October 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma